UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-22217-CIV-LENARD/O'SULLIVAN

JOSE DAVID MELCHOR-GARCIA, OSCAR
MODESTO CASTRO MARQUEZ, QUI LAN
LIN, QUILING LIANG, CHIN-CHUEH CHANG,
and all other similarly situated under 29 U.S.C.
216(B),

    Plaintiffs,
v.

DONG YING CORP. d/b/a
SHINJU JAPANESE BUFFET, DONG LE
CORPORATION d/b/a SHINJU JAPANESE
BUFFET, HUI LI, and YONGQUI CHEN,

    Defendants.
_____/

**ORDER APPROVING SETTLEMENT AGREEMENT AND
RECOMMENDING THAT THE CASE BE DISMISSED WITH PREJUDICE AS
DEFENDANTS DONG LE CORPORATION AND YONGQUI CHEN**

THIS MATTER came before the Court following a settlement conference before the undersigned and the Court having conducted a hearing concerning the settlement.

THE COURT has heard from counsel and considered the terms of the settlement agreement, the pertinent portions of the record, and is otherwise fully advised in the premises.

This case involves a claim for unpaid minimum wage and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, et seq ("FLSA").  In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions."  Lynn Food Stores v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982).  A settlement entered into in an adversarial context where both sides are represented by counsel throughout litigation "is more likely to reflect a reasonable

compromise of disputed issues." Id.  The district court may approve the settlement in order to promote the policy of encouraging settlement of litigation. Id. at 1354.

In this case, there is a bona fide factual dispute as to the number of hours plaintiff Quiling Liang claims she was not compensated and a legal dispute as to whether the tip credit applies to this plaintiff. The Court has reviewed the terms of the settlement agreement including the amount to be received by plaintiff Quiling Liang and the attorney's fees and costs to be received by counsel and finds that the compromise reached by the parties is a fair and reasonable resolution of the parties' bona fide disputes.  Accordingly, it is

**ORDERED AND ADJUDGED** that the settlement agreement (including attorney's fees and costs) between plaintiff Quiling Liang and defendants Dong Le Corporation and Yongqui Chen is hereby APPROVED.[1] It is further

**RECOMMENDED** that this case be dismissed with prejudice as to defendants Dong Le Corporation and Yongqui Chen and that the Court **retain jurisdiction over these defendants until November 15, 2012** to enforce the terms of the settlement.

**DONE AND ORDERED** in Chambers at Miami, Florida this **25th** day of September, 2012.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Lenard
All counsel of record

---

[1] Plaintiff Quiling Liang's claims against defendants Dong Ying Corporation and Hui Li are not affected by this settlement and Quiling Liang will remain as a plaintiff against these two defendants.

2